**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT R. MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-00401 (UNA) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| PUBLIC LIBRARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court grants the *in forma pauperis* Application and, for the reasons discussed below, dismisses this case without prejudice.

Plaintiff sues the D.C. Public Library ("DCPL"), and unnamed Library employees. However, DCPL is *non sui juris*. *See Armstrong v. D.C. Pub. Libr*., 154 F. Supp. 2d 67, 71 (D.D.C. 2001).  The allegations fare no better.  Plaintiff alleges that he is a victim of "continuous pattern" of criminal abuse by DCPL employees, including, but not limited to: violence, "impersonating a police officer," failing to file police reports, "illegal search and seizure," "stalking criminal harassment and interstate stalking," "[m]alicious insider threat cybersecurity," including following his activity via microchips and RFID tags," "GPS VIN: IMEI; or LoJack Stolen Vehicle Recovery System," "VHF radio frequency data signals," "cellular phone systems," and "VLUs," all "used for tracking and identification."  He contends that these unnamed bad actors have violated provisions of Title 18 of the United States Code and the D.C. Criminal Code.  He does not demand

any relief, instead stating that his Complaint serves as "a report of misuse of government resources including utilization of government electronic equipment for the purpose of committing a crime."

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and here, Plaintiff's Complaint falls squarely into this category.  This Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i), because it cannot exercise subject matter jurisdiction over a frivolous complaint, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Second, and even if Plaintiff's claims were cognizable, his reliance on criminal statutes is unavailing, because they generally do not create a private right of action.  *See North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (citing *RJ Prod. Co. v. Nestle USA, Inc.*, No. 10–0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that because criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be

used to grant plaintiff access to federal courts")); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code)), *aff'd*, No. 09–5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals Offic*e, *for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that federal criminal statutes do not convey a private right of action) (collecting cases). Insofar as Plaintiff seeks an anti-stalking order, or seeks other relief under the D.C. Code, he must file for such relief in the D.C. Superior Court. *See* D.C. Sup. Ct. Rule 12-I.

Third, the Court lacks jurisdiction to compel a criminal investigation into Plaintiff's "report." *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct such an investigation and those decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

For all of these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate Order accompanies this Memorandum Opinion.

DATE: May 26, 2026                             /s/ CHRISTOPHER R. COOPER
                                                    United States District Judge